**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ZHICHENG ZENG,

    Defendant.

                                     /

No. CR 05-00465 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA**

Now before the Court is the motion to withdraw the guilty plea of defendant Zhicheng Zeng ("Defendant"). The Court finds that this matter is appropriate for disposition without a hearing. Having carefully reviewed the parties' pleadings and the record and having considered the relevant legal authority, the Court hereby GRANTS Defendant's motion to withdraw his guilty plea.

**STATEMENT OF FACTS**

On August 17, 2006, Defendant pleaded guilty to one count of conspiracy to commit marriage fraud, in violation of 18 U.S.C. § 371. (Transcript of Proceedings ("Transcript"), Aug. 17, 2006 at 28:20-22.)[1] The Court conducted an extensive colloquy, through an interpreter, pursuant to Federal Rule of Criminal Procedure 11. Defendant's plea agreement contains a waiver, which states "I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties." (Plea Agreement ¶ 7.)

---

[1] The transcript is attached to the Declaration of Zhicheng Zeng.

1  On October 25, 2006, Defendant's former counsel filed a motion to withdraw as
2  counsel.  (*See* Docket No. 184.)  The Court appointed advisory counsel, and on February 8,
3  2007, granted the motion to withdraw as counsel.  (*See* Docket No. 210.)
4  On February 26, 2007, Defendant filed this motion to withdraw his guilty plea.  In his
5  declaration, Defendant states that he is not guilty of conspiracy.  (Zeng Decl. ¶¶ 3, 7.)  He also
6  states that only upon receiving written Chinese translations of the plea agreement and plea
7  hearing transcript did he fully understand the nature of the proceedings or the impact pleading
8  guilty would have on his immigration status.  (*Id*. ¶ 4.)

## ANALYSIS

10  Prior to sentencing, a defendant can withdraw his guilty plea if he demonstrates a fair
11  and just reason for withdrawal.  Fed. R. Crim. P. 11(d)(2)(B).  "Fair and just reasons for
12  withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening
13  circumstances, or any other reason for withdrawing the plea that did not exist when the
14  defendant entered his plea."  *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005) (quoting
15  *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)).  The fair and just standard
16  should be applied liberally.  *Davis*, 428 F.3d at 805.  "[T]he decision to allow withdrawal of a
17  plea is solely within the discretion of the district court."  *United States v. Nostratis*, 321 F.3d
18  1206, 1208 (9th Cir. 2003).

19  The Government advances two arguments in opposition.  First, it argues that Defendant
20  waived his right to withdraw his guilty plea by signing the plea agreement.  (Opp. Br. at 6.)
21  Second, it argues that Defendant fails to present a fair and just reason for withdrawing his plea.
22  (*Id*. at 8.)

23  A waiver is not automatically enforceable if the defendant challenges whether the
24  waiver was knowingly and intelligently made.  *See United States v. Michlin*, 34 F.3d 896, 898
25  (9th Cir. 1994) (finding waiver valid, but noting that "a waiver of appellate rights in a plea
26  agreement is not automatically enforceable if, on appeal, the defendant calls into question the
27  validity of the waiver") (citation omitted).  The validity of a waiver provision contained in a
28  plea agreement depends on the knowing and voluntary nature of the agreement as a whole.  *See*

2

1  *id.* at 898. A court should consider "the express language of the waiver and the facts and
2  circumstances surrounding the signing and entry of the plea agreement, including compliance
3  with Federal Rule of Criminal Procedure 11." *United States v. Nguyen*, 235 F.3d 1179, 1182
4  (9th Cir. 2000).   In this case, resolution of whether Defendant waived his right to
5  withdraw his plea and whether fair and just reasons exist to permit Defendant to withdraw his
6  plea are intertwined. Evidence from several sources in the record establishes that Defendant did
7  not understand the conspiracy charges or the consequences of entering a guilty plea.

8  Defendant is charged with one count of conspiracy to commit marriage fraud, in
9  violation of 18 U.S.C. § 371. (*See* Docket No.72.) Defendant grew up in China and does not
10 speak, read or write English. (Transcript 4:22-25; Zeng Decl. ¶ 4.) During the plea colloquy,
11 Defendant's responses indicate confusion about the charge and his guilt: Defendant stated,
12 through an interpreter, that he did not know what the conspiracy law was at the time of his
13 alleged participation in the fraudulent marriage conspiracy and that he did not know that his
14 actions were illegal. (Transcript 24:10-12, 24:22-23.) Defendant avers that only after receiving
15 written Chinese translations of the plea agreement and plea hearing transcript did he understand
16 the consequences of his plea. (Zeng. Decl. ¶ 4.) Thus, Defendant's motion to withdraw is not
17 necessarily the product of hindsight or second guessing. Rather, Defendant argues he made the
18 motion upon determining what the charges were and that he was not guilty. (*Id*. ¶ 4.)

19 The Government argues that the comprehensive Rule 11 colloquy, in which Defendant
20 stated that he understood the nature and consequences of his plea, establishes a valid waiver and
21 weighs against permitting Defendant to withdraw his plea. (Opp. Br. at 6-10.) In so arguing,
22 the Government relies on *Nostratis*, 321 F.3d at 1209; *United States v. Signori*, 844 F.2d 635,
23 639 (9th Cir. 1988); and *United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984). (Opp. Br.
24 at 7.) However, none of the cases on which the Government relies involved non-English
25 speaking defendants. *See Nostratis*, 321 F.3d at 1209 ("All the court's questions and Nostratis'
26 answers were in English."); *Signori*, 844 F.2d at 637 (English-speaking defendant moved to
27 withdraw plea due to ineffective assistance of counsel and his attorney's misrepresentations);
28

3

1  *Castello*, 724 F.2d at 814 (defendant moved to withdraw plea on grounds of involuntariness).[2]
2  Here, evidence indicates that cultural differences may have prevented Defendant from voicing
3  disagreement with his attorney on the day of the plea hearing and instead pleading guilty,
4  despite believing he was innocent.  (*See* Zeng Decl. ¶ 5; *see also* Gai Decl. ¶¶ 4, 5.)  These facts
5  in the record, along with the fact that Defendant's former counsel was permitted to withdraw
6  and the basis for that withdrawal, together, support Defendant's assertion that he did not fully
7  understand the nature and consequences of entering a guilty plea.  (*See* Docket Nos. 186, 187,
8  194.)

9  The Government also points out that mistakes of law do not necessitate permitting a plea
10 withdrawal.  (Opp. Br. at 6, citing *United States v. Zweber*, 913 F.2d 705, 711 (9th Cir. 1990).)
11 Thus, the Government argues that Defendant's realizations regarding the seriousness of the
12 allegations and the impact on his immigration status are irrelevant.  (Opp Br. at 6.)  However,
13 although mistake of law generally is not a valid defense, Defendant's general confusion about
14 both the charges and the overall effect of his plea does support a finding that the plea was not
15 knowingly and voluntarily made.

16 Finally, the Government has not shown how it would suffer prejudice if the motion were
17 granted.  Therefore, in light of the liberal standard on a motion to withdraw a guilty plea, the
18 Court finds that Defendant did not knowingly and intelligently waive his right to withdraw his
19 plea, and that Defendant has shown fair and just reasons for withdrawal.  The Court also finds
20 that an evidentiary hearing is not necessary to decide this motion in light of the evidence in the
21 record and its familiarity with the facts.

---

[2] The Court finds the *Nguyen* case, *supra*, distinguishable.  In that case, although the defendant's native language was Vietnamese, Nguyen moved to withdraw his plea on grounds that no factual basis existed for his plea, not on grounds that language barriers prevented him from understanding the overall nature and consequences of his plea.  *See* 235 F.3d at 1183.

4

**CONCLUSION**

For the foregoing reasons, Defendant's motion to withdraw his guilty plea is GRANTED.

Although the Court has vacated the hearing on this motion, the parties are HEREBY ORDERED to appear on March 29, 2007, at 2:30 p.m. for the purposes of setting a trial date at the earliest possible date considering the Speedy Trial Act expiration date and counsel's respective schedules.

**IT IS SO ORDERED.**

Dated: March 22, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE